THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PREMERA BLUE CROSS,<br><br>Plaintiff,<br><br>v.<br><br>CANON SOLUTIONS AMERICA, INC.,<br><br>Defendant. | CASE NO. C16-0411-JCC<br><br>ORDER DENYING MOTION TO DISMISS CONSEQUENTIAL DAMAGES CLAIM |

This matter comes before the Court on the motion to dismiss by Defendant Canon Solutions America, Inc. (Dkt. No. 35). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

## I. BACKGROUND

The background of this case was addressed in the Court's order on Canon's motion for judgment on the pleadings (Dkt. No. 32), and it will not be rehearsed in detail here.

The Court denied Canon's motion as to Plaintiff Premera Blue Cross's negligent misrepresentation claim, reasoning that if, "as Premera alleges, Canon was aware the MICR toner would not meet Premera's needs but actively concealed that fact to induce Premera to purchase the equipment, Premera has identified a duty that arose independently of the contract and its claim may be maintained." (Dkt. No. 32 at 7.)

The Court further noted that, under the parties' Agreement, "NEITHER PARTY SHALL BE LIABLE, WHETHER IN CONTRACT [OR IN] TORT[, FOR] CONSEQUENTIAL DAMAGES." (*Id.* at 8) (*see also* Dkt. No. 3-1 at 5). Accordingly, the Court dismissed Premera's request for consequential damages as to its contractual claims, but granted Premera leave to amend its complaint because Premera had not alleged that the exclusion was unconscionable or that the limitation on remedies failed of its essential purpose. (Dkt. No. 32 at 8.)

In its amended complaint, Premera did not renew its request for consequential damages as to its claims under the Agreement. (*See* Dkt. No. 34 at 6-7.) However, it did request consequential damages with respect to its misrepresentation claim, alleging that it is entitled to such damages "as a matter of Washington law and independent of the Agreement." (*Id.* at 7.)

Canon now moves to dismiss the consequential damages claim under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 35 at 2-3.)

## II.     DISCUSSION

### A.     Rule 12(b)(6) Standard

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a Rule 12(b)(6) motion to dismiss, the Court accepts all factual allegations in the complaint as true and construes them in the light most favorable to the non-moving party. *Vasquez v. L.A. Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). "Dismissal for failure to state a claim is appropriate only if it appears beyond doubt that the non-moving party can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (internal quotes omitted).

### B.     Analysis

Canon argues that Premera's consequential damages claim must be dismissed because the parties expressly waived any right to recover such damages under their Agreement. (Dkt. No. 35 at 6.) Premera opposes Canon's motion, asserting that "[c]ourts have consistently held that, where the plaintiff asserts that it was induced through fraud or misrepresentation to enter a

contract, the defendant cannot invoke that same challenged contract as a defense to the plaintiff's consequential damages claim." (Dkt. No. 36 at 2.)

The Court agrees with Premera. As the Court has already concluded, Premera's negligent misrepresentation claim is independent from the Agreement and is governed by Washington law. (Dkt. No. 32 at 6 n.3, 8.) The thrust of Premera's negligent misrepresentation claim is that it was fraudulently induced to enter into the Agreement. "'If a party's manifestation of assent is induced by either a fraudulent or a material misrepresentation by the other party upon which the recipient is justified in relying, the contract is voidable by the recipient.'" *Yakima Cty. (W. Valley) Fire Prot. Dist. No. 12 v. City of Yakima*, 858 P.2d 245, 255-56 (Wash. 1993) (quoting Restatement (Second) of Contract § 164(1) (Am. Law Inst. 1981)). In other words, if Premera prevails on its negligent misrepresentation claim, the Agreement cannot be enforced against it.[1] Canon's arguments as to the enforceability of the Agreement are unavailing. (*See* Dkt. No. 35 at 7-11; Dkt. No. 37 at 3-4.)

The Court similarly rejects Canon's argument that the law-of-the-case doctrine bars Premera's arguments. (*See* Dkt. No. 37 at 4.) While the Court dismissed Premera's request for consequential damages with respect to contractual claims, (*see* Dkt. No. 32 at 8), the Court did not previously consider the availability of consequential damages with respect to a negligent misrepresentation claim. Thus, there is no relevant prior holding to apply.

Finally, Canon argues that Premera is equitably estopped from challenging the validity of the consequential damages waiver. (Dkt. No. 37 at 6.) However, Canon raises this argument for the first time in its reply brief. The Court thus declines to consider it. *See Docusign, Inc. v. Sertifi, Inc.*, 468 F. Supp. 2d 1305, 1307 (W.D. Wash. 2006) ("It is well established that new arguments and evidence presented for the first time in Reply are waived.").

---

[1] As such, it is irrelevant that the Agreement specifically excludes consequential damages for tort claims and that applicable law authorizes this type of exclusion.

## III. CONCLUSION

For the foregoing reasons, Canon's motion to dismiss Premera's consequential damages claim (Dkt. No. 35) is DENIED.

DATED this 23rd day of February 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE